JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FORTE, an Individual; YULIA FORTE, also known as JULIE FORTE, and Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:14-cv-06355 R (SHx)<br><br>**PLAINTIFF ADOBE SYSTEMS INCORPORATED'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS JOHN FORTE AND YULIA FORTE A/K/A JULIE FORTE**<br><br>**[Filed Concurrently With Declaration of Marcus F. Chaney and [Proposed] Judgment]**<br><br>Date:          March 2, 2015<br>Time:          10:00 A.M.<br>Courtroom:  8  (2nd Floor)<br><br>**Hon. Manuel L. Real** |

TO DEFENDANTS AND THE HONORABLE COURT:

        PLEASE TAKE NOTICE that on Monday, March 2, 2015, at 10:00 A.M., or soon thereafter as this matter may be heard in Courtroom 8 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012-

1
**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

4701, Plaintiff ADOBE SYSTEMS INCORPORATED ("Plaintiff") will present its motion for default judgment against Defendants JOHN FORTE and YULIA FORTE a/k/a JULIE FORTE (collectively "Defendants"), for damages and injunctive relief. This application is made pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") which provides for a court ordered default judgment following entry of default by the court clerk under Fed.R.Civ.P. 55(a), and pursuant to 15 United States Code ("U.S.C.") §§1114, 1125(a) and (c), and 17 U.S.C. §501(a).

This application is based upon this Notice of Motion for Default Judgment by Court, the Motion for Default Judgment with supporting Memorandum of Points and Authorities, the Declaration of Marcus F. Chaney filed concurrently herewith, the papers and records on file herein, and upon such oral and documentary evidence as may be presented at the hearing of this matter.

DATED: January 23, 2015          JOHNSON & PHAM, LLP

By: __/s/Marcus F. Chaney_____
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

**TABLE OF CONTENTS**                                                      Page

**I.**      **INTRODUCTION**……………………..…………………....3

**II.**     **FACTUAL BACKGROUND**………….…..……………....3

**III.**    **LEGAL STANDARD**………………..…..………....6

**IV.**     **ANALYSIS OF *EITEL* FACTORS**………………..…………7

    **A.**      Possibility of Prejudice to Plaintiff………..…………7

    **B.**      Plaintiff's Substantive Claims are Meritorious in the

        Well-Pled Complaint………………………………7

        **1.**   Trademark Infringement Claim………..…………8

            **(a)**   Plaintiff's ownership of trademarks at

                issue………………………………....9

            **(b)**   Defendants' use of Plaintiff's trademarks

                in commerce……………………….......9

            **(c)**   Likelihood of confusion…………………....9

                (i)   Strength of the allegedly infringed

                    mark………………..………..…...10

                (ii)   Proximity or relatedness of

                    goods………………………..……11

                (iii)   Similarity of sight, sound, and

                      meaning of marks………..............11

                (iv)   Degree to which marketing channels

                      converge……...............………..…12

                (v)   Type of goods and degree of care

                    consumers are likely to exercise in

                    purchasing goods…………..………12

                (vi)   Intent of the Defendant in selecting

                    the allegedly infringing mark……..…13

i
**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

(vii) **Evidence of actual confusion and likelihood that the parties will expand their product lines**…………….......13

(viii) **Conclusion**………..……..….…......14

2. **Trademark Dilution Claim**………..….………...14

    (a) **Plaintiff's ownership of famous marks**……....15

    (b) **Defendants' commercial use of Plaintiff's famous marks**…………………………...……15

    (c) **Defendants' use began after Plaintiff's marks were famous**………………………........16

    (d) **Defendants' use tarnishes the quality of Plaintiff's marks**……………………..….…..16

3. **Copyright Infringement Claim**………..….………...16

    (a) **Plaintiff's ownership of valid copyrights**…….17

    (b) **Defendants' copying of original elements of Plaintiff's works**…………………..….…..17

C. **Sum of Money at Stake**…..………………….......17

    1. **Statutory Damages for Trademark Infringement and Trademark Dilution**…………………………...18

    2. **Statutory Damages for Copyright Infringement**…………………………..…...19

D. **No Possiblity of Dispute Concerning Material Facts**..........20

E. **Default Not Due to Excusable Neglect**…………….......20

F. **Policy Favoring Decisions on the Merits Does Not Outweigh Plaintiff's Right to Relief**........................20

V. **REMEDIES**……………………………..........20

A. **Statutory Damages**……………….....21

B. **Attorneys' Fees**…………………….....23

ii

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

C.       Costs..................................................................................24

D.       Injunctive Relief.............................................................24

VI.      CONCLUSION.....................................................24

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES:**

3

Adobe Systems Inc. v. Brooks,
3 2009 WL 593343 (N.D. 2009) ..................................................... 23

4

AMF Inc. v. Sleekcraft Boats,
599 F.2d, 349 (9th Cir,1979) .................................... 10, 11, 13, 14

5

6

Brookfield Communications, Inc. v. West Coast Entertainment Corp.,
174 F.3d 1047(9th Cir. 1999) ....................................................... 8, 9

7

8

Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.
F.3d 1194 (9th Cir. 2001) .............................................................. 22

9

Drexel Enterprises, Inc. v. Hermitage Cabinet Shop, Inc.,
266 F.Supp. 532, 537(N.D. Cal. 1967).........................................13

10

11

Eitel v. McCool,
782 F.2d 1472 (9th Cir.1986) ......................................................... 7

12

E & J Gallo Winery v. Gallo Cattle,
967 F.2d, 1290 (9th Cir. 1992)................................................ 9, 10, 11

13

14

Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.,
499 U.S. 361 (1991) ....................................................................... 17

15

F.W. Woolsworth Co. v. Contemporary Arts,
344 U.S. 233 (1952) ....................................................................... 22

16

G.D. Searle & Co. v. Chas. Pfizer & Co.,
265 F.2d at 389 .............................................................................. 13

17

18

Lindy Pen Co. v. Bic Pen Corp.,
982 F. 2d 1409 (9th Cir. 1993) ...................................................... 23

19

M2 Software, Inc. v. Madacy Entertainment Corp.,
421 F.3d, 1080 (9th Cir.2005) ................................................. 8, 12, 13

20

21

Mead Data Central, Inc. v. Toyota Motor Sales, U.S.A., Inc.,
875 F.2d 1026 (2nd Cir. 1989) ....................................................... 14

22

Panavision, Int'l v. Torppen,
141 F.3d 1324 (9th Cir.1998) ......................................................... 14

23

24

Peer Int'l Corp. v. Pausa Records Inc.,
909 F. 2d 1332 n.3 (9h Cir. 1990) ................................................. 21

25

PepsiCo Inc. v. Cal. Sec. Cans,
238 F.Supp.2d 1178 (C.D. Cal. 2002) .......................................... 24

26

27

Philip Morris USA, Inc. v. Castworld Products, Inc.,
219 F.R.D. 501 (C.D. 2003) .................................................... 21, 22

28

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

1
2
<u>Philip Morris v. Shalabi,</u>
352 F.Supp.2d. 1072 (C.D.Cal.2004) ......................................... 8

3
<u>Plough, Inc. v. Kreis Laboratories,</u>
314 F.2d 635 (9th Cir. 1963)...................................................13

4
5
<u>Taylor Made Golf Co., Inc., v. Carsten Sports Ltd.</u>
175 F.R.D. 658 .............................................................23

6
<u>TeleVideo Systems, Inc. v. Heidenthal,</u>
826 F.2d 918 (9th Cir. 1987) ...................................................7

7
8
<u>Toys "R" Us v. Akkaoui,</u>
40 U.S.P.Q. 2d (BNA) 1836 (N.D. Cal. 1996) ................. 14, 16

9
**STATUTES:**

10
Fed.  R. Civ. P. 54(c) .........................................................20

11
Fed.  R. Civ. P. 55(a) .........................................................6

12
Fed.  R. Civ. P. 55(b) .........................................................3

13
Fed.  R. Civ. P. 55(b)(2) ...............................................21, 23

14
15 U.S.C § 1114 ...............................................................7

15
15 U.S.C. § 1114(1) ...........................................................8

16
15 U.S.C. § 1114(1)(a) .......................................................24

17
15 U.S.C. § 1116(a) ...........................................................24

18
15 U.S.C. § 1117(a) ......................................................23, 24

19
15 U.S.C. § 1117(b) ...........................................................24

20
15 U.S.C. § 1117(c) ...........................................................21

21
15 U.S.C. § 1117(c)(1) .......................................................19

22
15 U.S.C. § 1117(c)(2) .......................................................19

23
15 U.S.C. § 1117(e) ...........................................................24

24
15 U.S.C. § 1125 (a) ......................................................8, 24

25
15 U.S.C. § 1125 (c) ......................................8, 14, 18, 23, 24

26
17 U.S.C. § 501(a) .............................................................8

27
17 U.S.C. § 504(c)(1) .........................................................19

28
17 U.S.C. § 504(c)(2) .....................................................19, 20

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

*Lanham Act § 32(1)* ............................................... 8

*Lanham Act § 43(a)* ............................................... 7

*Lanham Act § 43(c)* .............................................. 18

*California Business & Professions Code § 17200* ................. 8

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This case arises out of Defendants JOHN FORTE and YULIA FORTE a/k/a JULIA FORTE's ("Defendants") willful infringement of Plaintiff ADOBE SYSTEMS INCORPORATED's ("Plaintiff") registered trademarks and copyrights through the sale and distribution of computers loaded with counterfeit and/or unauthorized copies of Plaintiff's Adobe®-branded software products.  In flagrant disregard of the Federal Rules of Civil Procedure and the procedures of this Court, Defendants have failed to appear despite valid and effective service of process, and they continue to engage in the exact same conduct that has given rise to this lawsuit.

Plaintiff hereby seeks entry of a final judgment, including permanent injunction, against Defendants pursuant to Fed.R.Civ.P. 55(b) prohibiting them from engaging in willful infringement of Plaintiff's trademarks and copyrights.

## II.     FACTUAL BACKGROUND

Plaintiff is a global leader in developing and distributing innovative computer software.  Plaintiff develops and distributes software using numerous registered trademarks own by Plaintiff, including but not limited to ADOBE®, ACROBAT®, CONTRIBUTE®, CREATIVE SUITE®, DREAMWEAVER®, ENCORE®, FIREWORKS®, FLASH®, FLASH BUILDER®, FLASH CATALYST®, ILLUSTRATOR®, MACROMEDIA®, PAGEMAKER®, INDESIGN®, LIGHTROOM®, READER®, SHOCKWAVE®, and PHOTOSHOP® (hereinafter the "Adobe® Trademarks").  *See* Complaint ("Compl.") at ¶11, Ex. A, thereto.  Plaintiff also owns exclusive rights under the Copyright Act to reproduce and distribute copies of Adobe® software in the United States.  Titles so produced and distributed include, without limitation, ADOBE ACROBAT©, ADOBE ACROBAT X PROFESSIONAL©, ADOBE CREATIVE SUITE 5 MASTER COLLECTION©, ADOBE AFTER EFFECT

CS5©, CONTRIBUTE CS5©, DEVICE CENTRAL©, DREAMWEAVER©, ADOBE DREAMWEAVER CS5©, ADOBE ENCORE CS5©, ADOBE FIREWORKS CS5©, ADOBE FLASH BUILDER 4©, ILLUSTRATOR CS5©, INDESIGN CS5©, PHOTOSHOP©, PHOTOSHOP CS5©, ADOBE PREMIERE PRO CS5©, and ADOBE SOUNDBOOTH CS5© (hereinafter the "Adobe® Copyrights"). Compl. at ¶14, Ex. B, thereto. The software industry is competitive, and Plaintiff undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers. Software piracy undermines Plaintiff's investment and creativity, and misleads and confuses consumers. Compl. at ¶11.

Defendants are individuals residing at 51 Central Avenue, Piscataway, New Jersey 08854. *See* Declaration of Marcus F. Chaney ("Chaney Decl.") at ¶2. Defendants operated an e-commerce enabled storefront on the Internet auction website known as www.eBay.com ("eBay") under the seller ID "applefouryou" from September 1, 2011 through October 17, 2014[1]. Through this storefront, Defendants regularly and systematically advertised, marketed, distributed, and sold computers loaded with counterfeit and/or unauthorized ADOBE®-branded software. Chaney Decl. at ¶3, and **Exhibit** ("**Ex.**") **A**, thereto. Plaintiff has never authorized or consented to Defendants' use of the Adobe® Trademarks, and any confusingly similar mark, and has not authorized Defendants to manufacture, copy, sell, or distribute any copyrighted products. Compl. at ¶21.

On April 5, 2013, Plaintiff purchased an "APPLE MACBOOK PRO 13" LAPTOP" (Item #350756400611) advertised for sale by Defendants on eBay, under seller ID "applefouryou," for a cost of $1,585.00 charged to Plaintiff's investigators PayPal electronic payment account. Chaney Decl. at ¶4, and **Ex**. **B**, thereto; Compl. at ¶19, Ex. C, thereto. The computer purchased from Defendants

---

[1] Effective October 17, 2014 and continuing to the present, Defendants operate on eBay under the modified seller ID "apple.for.you."

arrived via UPS Ground with a shipping label affixed identifying Defendant JULIE FORTE as the sender. Chaney Decl. at ¶5, and **Ex**. **C**, thereto. The "APPLE MACBOOK PRO 13" LAPTOP" (Item #350756400611) purchased from Defendants was received by Plaintiff and inspected. Plaintiff's inspection of the software contained on the computer sold by Defendants confirmed that the computer was loaded with numerous counterfeit and/or unauthorized ADOBE®-branded software programs owned by Plaintiff including ADOBE ACROBAT X PROFESSIONAL© and ADOBE CREATIVE SUITE 5 MASTER COLLECTION© which is comprised of ADOBE AFTER EFFECT CS5©, CONTRIBUTE CS5©, DEVICE CENTRAL©, ADOBE DREAMWEAVER CS5©, ADOBE ENCORE CS5©, ADOBE FIREWORKS CS5©, ADOBE FLASH BUILDER 4©, ILLUSTRATOR CS5©, INDESIGN CS5©, PHOTOSHOP CS5©, ADOBE PREMIERE PRO CS5©, and ADOBE SOUNDBOOTH CS5©. Plaintiff owns federally registered trademarks for the ACROBAT®, CONTRIBUTE®, CREATIVE SUITE®, DREAMWEAVER®, ENCORE®, FIREWORKS®, FLASH®, FLASH BUILDER®, FLASH CATALYST®, ILLUSTRATOR®, INDESIGN®, LIGHTROOM®, PHOTOSHOP® marks used on and in relation to the copyright protected software programs loaded onto the computer sold by Defendants. Chaney Decl. at ¶6, and **Ex**. **D**, thereto; Compl. at ¶20.

On June 19, 2013, Plaintiff sent a cease and desist letter to Defendants putting them on notice of their infringing conduct. Chaney Decl. at ¶7, and **Ex**. **E**, thereto. On June 25, 2013, Defendant JOHN FORTE responded to Plaintiff's cease and desist demand and acknowledged that he purchased used computers from sellers on Craigslist.com, and installed ADOBE® software onto each computer, among other software programs, before reselling the computers to consumers on eBay. Chaney Decl. at ¶8; Compl. at ¶22. Plaintiff filed its Complaint against Defendants on August 13, 2014 (ECF Dkt. 1). On September 4,

2014, Defendants were personally served with copies of the Summons and Complaint (ECF Dkt. 12-13). Chaney Decl. at ¶9. Pursuant to Rule 55 of the Fed.R.Civ.P., a party seeking default judgment must first have the clerk enter the default. Fed.R.Civ.P. 55(a). On October 6, 2014, Plaintiff filed its Requests for Entry of Default against Defendants (ECF Dkt. 14, 14-1, 15, 15-1), and the Clerk entered default against Defendants on October 8, 2014 (ECF Dkt. 16, 17). Chaney Decl. at ¶10.

In support of this Motion, Plaintiff subpoenaed documentation from eBay in relation to Defendants. Chaney Decl. at ¶11-12. Defendants' eBay account registration information confirms Defendants change from eBay seller ID "applefouryou" to "apple.for.you" effective October 17, 2014. Chaney Decl. at ¶13, and **Ex**. **F**, thereto. Despite notice of their infringing conduct, Defendants' continue to advertise, offer for sale, sell, and distribute computers loaded with counterfeit and/or unauthorized software products to consumers on eBay, under seller ID "apple.for.you," in direct violation and infringement of the Adobe® trademarks and the Adobe® copyrights. Chaney Decl. at ¶14, **Ex. G**, thereto. Plaintiff also received documentation from PayPal in response to its subpoena. Chaney Decl. at ¶11-12, 15, **Exs. H-I**, thereto. Defendants' PayPal records evidence sales of no less than 1,541 computers from August 13, 2010 through December 2, 2014 resulting in total gross sales of approximately $521,194.33. Chaney Decl. at ¶15, **Ex. I**, thereto.

## III.   LEGAL STANDARD

Sufficient grounds exist for the entry of a default judgment against Defendant. The Ninth Circuit has enumerated several factors the Court should consider in deciding whether to grant default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claim; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due

1    to excusable neglect; and (vii) the strong policy underlying the Federal Rules of

2    Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470,

3    1471-1472 (9th Cir.1986). In considering the above factors, the Court takes all

4    factual allegations in the Complaint as true, except for those relating to damages.

5    *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir.1987).

6                    **IV.    ANALYSIS OF *EITEL* FACTORS**

7            Application of the facts in this matter to the *Eitel* factors warrant entry of a

8    default judgment in favor of Plaintiff**.**

9        **A.    Possibility of Prejudice to Plaintiff**

10           In light of the fact that Defendants in this case have failed to appear, absent

11   a default judgment, Plaintiff will not be compensated for its losses and will

12   accordingly be prejudiced. Moreover, if this Court fails to enter a default

13   judgment against Defendants, in light of Defendants' failure to defend this action,

14   it will set a devastating precedent allowing infringers to avoid liability by

15   effectively not responding to Plaintiff's claims. This in turn will further prejudice

16   Plaintiff's ability to enforce its intellectual property rights. Furthermore, in the

17   absence of injunctive relief, Plaintiff will continue to suffer harm from Defendants'

18   *intentional* violation of its trademark and copyright rights.

19           Accordingly, this first *Eitel* factor, the possibility of prejudice to the

20   plaintiff, weighs in favor of granting default judgment.

21       **B.    Plaintiff's Substantive Claims are Meritorious in the Well-Pled**

22       **Complaint**

23           The second and third *Eitel* factors, concerning the merits of Plaintiff's

24   substantive claims and the sufficiency of its Complaint, also weigh in favor of

25   granting a default judgment in favor of Plaintiff and against Defendants. Plaintiff

26   has alleged six (6) causes of action in its Complaint against Defendants, to wit: (1)

27   FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* §

28   43(a)]; (2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/

1  FALSE OR MISLEADING ADVERTISING [15 U.S.C. § 1125(a)]; (3)

2  TRADEMARK DILUTION [15 U.S.C. § 1125(c)]; (4) FEDERAL COPYRIGHT

3  INFRINGEMENT [17 U.S.C. § 501(a)]; (5) UNFAIR BUSINESS PRACTICES

4  [CALIFORNIA *BUSINESS & PROFESSIONS CODE* § 17200]; and (6) UNFAIR

5  COMPETITION. Thus, Plaintiff has pled substantive and meritorious claims in its

6  Complaint.

7  **1.    Trademark Infringement Claim**

8       The essential elements of the infringement of trademark registration and

9  false designation of origin claims are identical. *Brookfield Communications, Inc. v.*

10  *West Coast Entertainment Corp.*, 174 F.3d 1036, 1047 (9th Cir.1999).  Moreover,

11  the Ninth Circuit has consistently held that actions pursuant to California *Business*

12  *& Professions Code* §17200 are "substantially congruent" to claims made under

13  the *Lanham Act*.  *Philip Morris v. Shalabi*, 352 F.Supp.2d 1067, 1072

14  (C.D.Cal.2004).  Therefore, analyzing the merits of the infringement claims is

15  sufficient because the standard of infringement, i.e., the likelihood of confusion, is

16  essentially implicated in the remaining federal and state causes of action. *M2*

17  *Software, Inc. v. Madacy Entertainment Corp.*, 421 F.3d 1073, 080 (9th Cir.2005).

18       To prove a claim of trademark infringement under Section 32(1) of the

19  *Lanham Act*, a plaintiff must show that: (a) it owns the trademark at issue, (b) the

20  defendant has used in commerce, without authorization, a copy, reproduction,

21  counterfeit or colorable imitation of the plaintiff's mark in connection with the

22  sale, distribution, or advertising of goods and services, and (c) the defendant's use

23  of the mark is likely to cause confusion or to cause mistake or to deceive. 15

24  *U.S.C.* §1114(1).  In its Complaint, Plaintiff alleges all facts necessary to prove

25  trademark infringement, along with false designation of origin and unfair business

26  practices, by Defendants.

27  / / /

28  / / /

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

### (a)    Plaintiff's ownership of trademarks at issue

First, Plaintiff adequately alleges its ownership of Plaintiff's Trademarks at issue. Compl. at ¶11, Ex. A, thereto.  The trademarks at issue in this action are ADOBE®,   ACROBAT®,   CONTRIBUTE®,   CREATIVE   SUITE®, DREAMWEAVER®,   ENCORE®,   FIREWORKS®,   FLASH®,   FLASH BUILDER®,   FLASH   CATALYST®,   ILLUSTRATOR®,   INDESIGN®, LIGHTROOM®, and PHOTOSHOP®. Chaney Decl. at ¶6.  A federal registration of a mark constitutes prima facie evidence of its validity and of plaintiff's exclusive rights to the mark. *Brookfield Communications*, 174 F.3d at 1047.

### (b)    Defendants' use of Plaintiff's trademarks in commerce

Second, the "use in commerce" requirement is satisfied as to Defendants. Plaintiff alleges Defendants have advertised, offered to sell and have sold computers loaded with software that infringe the Adobe® Trademarks within this judicial district.  Defendants have also offered to sell and actually sold counterfeit and/or unauthorized products (described more fully below) using an interactive Internet website and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were purchasing authentic goods manufactured and distributed by Plaintiff or its authorized resellers. Compl. at ¶18.  Indeed, a trap purchase of the infringing product was made from and received from Defendant. Compl. at ¶¶19-20, Ex. C, thereto; Chaney Decl. at ¶¶4-6, **Ex**. **B-D**, thereto.  Moreover, the infringing product was received in a package with a return address originating from Defendants.  Chaney Decl. at ¶5, **Ex**. **C**, thereto.

### (c)    Likelihood of confusion

The third element of trademark infringement is the likelihood of confusion, or whether the similarity of the marks is likely to confuse customers about the source of the products. *E & J Gallo Winery v. Gallo Cattle*, 967 F.2d 1280, 1290

(9th Cir.1992). Likelihood of confusion is analyzed using an eight-factor test established by the Ninth Circuit, i.e.: (i) strength of the allegedly infringed mark; (ii) proximity or relatedness of goods; (iii) similarity of sight, sound, and meaning of marks; (iv) evidence of actual confusion; (v) degree to which marketing channels converge; (vi) type of goods and degree of care consumers are likely to exercise in purchasing goods; (vii) intent of the Defendant in selecting the allegedly infringing mark; and (viii) evidence of actual confusion and likelihood that the parties will expand their product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Cir. 1979).

Applying this test to the Adobe® Trademarks and Defendants' infringement thereof by selling computers containing counterfeit and/or unauthorized ADOBE®-branded software using and bearing the Adobe® Trademarks should lead this Court to conclude that Plaintiff has successfully pled a likelihood of confusion. Chaney Decl. at ¶¶2-15, and **Ex. A - I**, thereto.

### (i)    Strength of the allegedly infringed mark

The strength of Plaintiff's Trademarks is adequately alleged in its pleadings and weighs in favor of a likelihood of confusion.  The strength of a mark is based on the distinctiveness of the mark and whether it has acquired secondary meaning, i.e., whether it has come to be associated with a good or service. *Gallo Cattle*, 967 F.2d at 1291.  "A strong mark is inherently distinctive, for example, an arbitrary or fanciful mark; it will be afforded the widest ambit of protection from infringing uses." *Sleekcraft*, 599 F.2d at 340.

The length of time that Plaintiff has used the Adobe® Trademarks in the marketplace further establishes the strength of these marks. Plaintiff's products have achieved an extraordinary reputation. Compl. at ¶¶11-15, Ex. A, thereto. The success of Plaintiff's products and services is due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and promotion through Plaintiff's websites, print and other internet-based advertising,

among other efforts.  Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its products, services and marks.  *Id*.  As a result of Plaintiff's efforts, the quality of Plaintiff's products has been prominently placed in the minds of the public. Purchasers and users of Plaintiff's software and other products and services have come to recognize Adobe's Trademarks, products and services and associate them exclusively with Plaintiff.   Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.  Adobe's Trademarks are famous, indeed, a household word, and have acquired secondary meaning in the minds of consumers, both within the United States and throughout the world. *Id*.

### (ii)    Proximity or relatedness of goods

The second factor, he proximity or relatedness of products bearing the Adobe® Trademarks, and Defendants counterfeit and/or unauthorized versions thereof, also points toward a likelihood of confusion.   The more related or complementary goods are, the higher the danger of consumer confusion. *Gallo Cattle*, 967 F.2d at 1291. Here, Defendants' products include computer software identical to Plaintiff's products. Chaney Decl. at ¶¶2-15, and **Exs. A - I**, thereto.

### (iii)    Similarity of sight, sound, and meaning of marks

The third factor, similarity of sight, sound, and meaning of the marks also supports a finding of likelihood of confusion.   Where, as here, the products bearing the disputed marks are identical, even less similarity is required to demonstrate a likelihood of confusion.  *Sleekcraft*, 599 F.2d at 350.  Given this low standard, Plaintiff has easily and adequately demonstrated that the marks are similar as they are identical.  Marks should be compared based on their sight, sound, and meaning as they appear in the marketplace, and similarities between marks should be weighed more heavily than differences. *Id*.

/ / /

Defendants have sought to capitalize on Plaintiff's strong trademarks by copying them with no variation from their authorized versions with the intent to palm off such goods as those of Plaintiff.   Under the lower standard for marks used for identical products, Defendants' use of the Adobe® Trademarks is identical in sight, sound, and meaning.   Defendants have caused to be marketed and distributed computer software bearing one or more of the Adobe® Trademarks without authorization. Compl. at ¶¶ 17-26.

### (iv) Degree to which marketing channels converge

In considering the marketing channels used by Plaintiff and Defendants, the channels largely overlap, which makes consumer confusion more likely. Defendants use the Internet to distribute their infringing goods on eBay. Compl. at ¶¶19-20; Chaney Decl. at ¶¶3-5, **Exs**. **A-I**, thereto.   Plaintiff uses the Internet as a channel through which to market legitimate product – through company owned sites such as www.adobe.com and third party retailers. Chaney Decl. at ¶16. Plaintiff also has an online commercial presence, resulting in significant overlap in advertising markets, which increases the likelihood of confusion. *M2 Software, Inc.,* 421 F.3d at 1083.

### (v) Type of goods and degree of care consumers are likely to exercise in purchasing goods

Defendants have duplicated or copied Plaintiff's products so that consumers, especially those shopping online, cannot differentiate between illegal and illegitimate products at the point of purchase.   Consumers are likely to believe that the software programs loaded onto computers sold by Defendants are genuine and/or authorized, sponsored, approved or associated with Plaintiff.   Modern consumers look to Plaintiff's Adobe® Trademarks for assurance of Plaintiff's reputation for high quality products.

/ / /

/ / /

**(vi)** <u>**Intent of the Defendants in selecting the allegedly infringing mark**</u>

Defendants' intention to confuse the public is self-evident from their continued conduct.   When a person knowingly adopts a mark identical to another's mark, the Court may infer that person's intent to confuse. *M2 Software*, 421 F.3d at 1085 (willful use creates a presumption of public deception). Though bad intent is not necessary to demonstrate a likelihood of confusion, where the plaintiff establishes that defendant knowingly used an infringing mark, there is a presumption that the infringer will accomplish his purpose, and the public will be deceived. *Sleekcraft*, 599 F.2d at 354.

**(vii)** <u>**Evidence of actual confusion and likelihood that the parties will expand their product lines**</u>

Consumers are being confused everyday by Internet sellers such as Defendants.   Counterfeit and/or unauthorized versions of products bearing the Adobe® Trademarks, like those sold by Defendants, have flooded the market, misleading consumers to believe that the counterfeit versions being sold are, in fact, authentic when they clearly are not. Chaney Decl. at ¶¶2-15, Exs. A-I, thereto. "Evidence that use of the two marks has already led to confusion is persuasive proof that future confusion is likely." *Sleekcraft,* 509 F. 2d *at* 352 (*citing Plough, Inc. v. Kreis Laboratories*, 314 F.2d 635, 639-640 (9th Cir. 1963) [erroneously cited in *Sleekcraft* as "*Plough, Inc. v. Kreis Laboratories*, 314 F.2d, 369]). "Proving actual confusion is difficult, however." *Sleekcraft,* 509 F. 2d *at* 352 (*citing G.D. Searle & Co. v. Chas. Pfizer & Co.*, 265 F.2d at 389). "Because of the difficulty in garnering such evidence, the failure to prove instances of actual confusion is not dispositive." *Sleekcraft,* 509 F. 2d *at* 352 (*citing Drexel Enterprises, Inc. v. Hermitage Cabinet Shop, Inc.,* 266 F.Supp. 532, 537 (N.D. Cal. 1967).

/ / /

### (viii)  **Conclusion**

Taking all the allegations of the Complaint as true, Plaintiff is a valid trademark holder and has sufficiently alleged in its pleadings a likelihood of confusion under the *Sleekcraft* factors for its trademark infringement claim and demonstrated that the Adobe® Trademarks would likely be confused with Defendants' use thereof on counterfeit versions of software products loaded onto computers being listed for sale and sold.

## 2.  **Trademark Dilution Claim**

In order to prove federal trademark dilution, a plaintiff must show that: (a) the mark at issue is famous, (b) the defendant is making a commercial use of the mark in commerce, (c) the defendant's use began after the mark became famous, and (d) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services. *Panavision, Int'l v. Torppen*, 141 F.3d 1316, 1324 (9th Cir.1998).

In deciding whether a mark is famous, the courts will look to the following factors:  the degree of inherent or acquired distinctiveness; the duration and extent of use; the amount of advertising and publicity; the geographic extent of the market; the channels of trade; the degree of recognition in trading areas; any use of similar marks by third parties; and whether the mark is registered.  15 *U.S.C.* §1125(c); *see also Mead Data Central, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 875 F.2d 1026 (2nd Cir.1989).  Once the prerequisites for a dilution claims are satisfied, the owner of a mark can bring an action against any use of that mark that dilutes the distinctive quality of that mark, either through "blurring" or "tarnishment."  Tarnishment occurs when the mark is cast in an unflattering light, typically through its association with inferior or unseemly products or services. *Toys "R" Us v. Akkaoui*, 40 U.S.P.Q.2d (BNA) 1836 (N.D. Cal. 1996).

/ / /

/ / /

### (a)   Plaintiff's ownership of famous marks

Plaintiff is the owner of federally registered Trademarks. Compl. at ¶11, Ex. A, thereto.   Specifically, at issue here are the thirteen (13) trademarks: ACROBAT®, CONTRIBUTE®, CREATIVE SUITE®, DREAMWEAVER®, ENCORE®, FIREWORKS®, FLASH®, FLASH BUILDER®, FLASH CATALYST®, ILLUSTRATOR®, INDESIGN®, LIGHTROOM®, and PHOTOSHOP®. Chaney Decl. at ¶6.   As a result of Plaintiff's efforts, the high degree of promotion, recognition, and the quality and popularity of Plaintiff's Trademarks – these marks and products have been prominently placed in the minds of the public.   Consumers, purchasers and the members of the public have become familiar with the Plaintiff's intellectual property and have come to recognize the Plaintiff's Trademarks and products associate them exclusively with Plaintiff – and Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Compl. at ¶¶11-17.   Indeed, Plaintiff's Trademarks are famous.

### (b)   Defendants' commercial use of Plaintiff's famous marks

Defendants operated a storefront on eBay under seller ID "applefouryou." Through this storefront, Defendants regularly and systematically advertised, marketed, distributed, and sold products containing unauthorized ADOBE®-branded software. Chaney Decl. at ¶3.  Moreover, Defendants continue to operate a storefront on eBay under seller ID "apple.for.you." Through this storefront, Defendants continue to regularly and systematically advertise, market, distributed, and sell products using the Adobe® Trademarks. Chaney Decl. at ¶13, and **Ex. G**, thereto.   Plaintiff has never authorized or consented to Defendant's use of the Adobe's Trademarks, and any confusingly similar mark, and has not authorized Defendants to manufacture, copy, sell, or distribute any copyrighted products. Compl. at ¶21.

/ / /

Accordingly, Defendants' commercial use of Plaintiff's famous marks is undisputable.

### (c)   Defendants' use began after Plaintiff's marks were famous

Plaintiff uses and has been using its registered ACROBAT®, CONTRIBUTE®, CREATIVE SUITE®, DREAMWEAVER®, ENCORE®, FIREWORKS®, FLASH®, FLASH BUILDER®, FLASH CATALYST®, ILLUSTRATOR®, INDESIGN®, LIGHTROOM®, and PHOTOSHOP® marks on computer software, among other products and services, and has been using them since as early as 1995. Compl. at ¶11, Ex. A, thereto; Chaney Decl. at ¶6, Ex. D, thereto.  Defendants infringed upon Plaintiff's registered marks from between August 13, 2010 through December 2, 2014. Chaney Decl. at ¶15, **Ex. I**, thereto. Moreover, Defendants continue to infringe upon the Adobe® Trademarks. Chaney Decl. at ¶13, and **Ex. G**, thereto.   Therefore, it is undisputed that Defendants' use began much after Plaintiff's Trademarks were famous.

### (d)   Defendants' use tarnishes the quality of Plaintiff's marks

Defendants have tarnished Plaintiff's Trademarks by selling inferior quality counterfeit software imitating the Adobe® Trademarks.   Tarnishment occurs when the mark is cast in an unflattering light, typically through its association with inferior or unseemly products or services. *Toys "R" Us v. Akkaoui*, 40 U.S.P.Q.2d (BNA) 1836 (N.D. Cal. 1996).  Defendants have cast Plaintiff's marks in an unflattering light by offering for sale, selling, and distributing counterfeit versions of software products to consumers bearing Plaintiff's Trademarks.

### 3.   Copyright Infringement Claim

The *Copyright Act* grants the copyright owner the exclusive right to reproduce a copyrighted work, to distribute copies of the work, and to authorize reproduction or distribution. To prove a claim of copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Pubs., Inc. v. Rural*

*Telephone Service Co., Inc.*, 499 *U.S.* 340, 361 (1991).  In its Complaint, Plaintiff alleges all facts necessary to prove copyright infringement by Defendants.

### (a)  Plaintiff's ownership of valid copyrights

First, Plaintiff adequately alleges its ownership of copyrights at issue. Compl. at ¶14, Ex. B, thereto.  At issue here are Plaintiff's copyrighted works of ADOBE ACROBAT X PROFESSIONAL© and ADOBE CREATIVE SUITE 5 MASTER COLLECTION© which is comprised of ADOBE AFTER EFFECT CS5©,   CONTRIBUTE   CS5©,   DEVICE   CENTRAL©,   ADOBE DREAMWEAVER CS5©, ADOBE ENCORE CS5©, ADOBE FIREWORKS CS5©, ADOBE FLASH BUILDER 4©, ILLUSTRATOR CS5©, INDESIGN CS5©, PHOTOSHOP CS5©, ADOBE PREMIERE PRO CS5©, and ADOBE SOUNDBOOTH CS5©. Chaney Decl. at ¶6, **Ex. D**, thereto.  A federal registration of a copyright constitutes prima facie evidence of its validity and of plaintiff's exclusive rights to the copyright.  *Feist Pubs., Inc.*, 499 *U.S.* at 361.

### (b)  Defendants' copying of original elements of Plaintiff's works

Second, Plaintiff adequately alleges infringement of these copyrighted works by Defendants who, without authorization or consent, distributed counterfeit and or unauthorized Adobe software infringing upon Plaintiff's exclusive Copyrights, by means of eBay. Compl. at ¶¶17-26, Ex. C, thereto; Chaney Decl. at ¶¶3 - 6, **Exs**. **A - D**, thereto.  Thus, Plaintiff has adequately pled its cause of action against Defendants for copyright infringement.

### C.  <u>Sum of Money at Stake</u>

The prevailing party in an action for willful trademark infringement, trademark dilution, and willful copyright infringement, is entitled to, *inter alia*, statutory damages, reasonable attorney's fees, recovery of costs, and appropriate injunctive relief.  Plaintiff has alleged in its Complaint that Defendants are engaged in intentional, knowing, and willful acts of infringement of thirteen (13)

17

of Plaintiff's registered marks; namely, ACROBAT®, CONTRIBUTE®, CREATIVE SUITE®, DREAMWEAVER®, ENCORE®, FIREWORKS®, FLASH®, FLASH BUILDER®, FLASH CATALYST®, ILLUSTRATOR®, INDESIGN®, LIGHTROOM®, and PHOTOSHOP®, putting millions of dollars in statutory damages at stake. Plaintiff has also alleged in its Complaint that Defendants are engaged in intentional, knowing, and willful acts of infringement of fourteen (14) of Plaintiff's copyright protected works; namely, ADOBE ACROBAT X PROFESSIONAL© and ADOBE CREATIVE SUITE 5 MASTER COLLECTION© software, comprising of ADOBE AFTER EFFECT CS5©, CONTRIBUTE CS5©, DEVICE CENTRAL©, ADOBE DREAMWEAVER CS5©, ADOBE ENCORE CS5©, ADOBE FIREWORKS CS5©, ADOBE FLASH BUILDER 4©, ILLUSTRATOR CS5©, INDESIGN CS5©, PHOTOSHOP CS5©, ADOBE PREMIERE PRO CS5©, and ADOBE SOUNDBOOTH CS5© putting several hundred thousand dollars in statutory damages at stake. Defendants have failed to respond to these serious allegations despite notice thereof. Compl. at ¶¶22-23; Chaney Decl. at ¶¶9-10. The Court should therefore find that pursuant to the relevant sections of the *Lanham Act* and the *Copyright Act*, and the facts established by Plaintiff for purposes of this motion, an enhancement of electable statutory damages is warranted, in addition to attorneys' fees and costs, thereby putting a total of no less than $2,150,000.00 of statutory damages at stake.

## 1. Statutory Damages for Trademark Infringement and Trademark Dilution

The Trademark Act provides that in a case involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods and services, or any willful violation under section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), the plaintiff may elect to recover statutory damages in the amount of not less than $1,000 or more than $200,000 per counterfeit mark per

type of goods sold, offered for sale, or distributed. 15 U.S.C. §1117(c)(1). In addition, if the Court finds that the use of the counterfeit marks was willful, the plaintiff may be granted an award of statutory damages of not more than $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed. 15 U.S.C. § 1117(c)(2).

Plaintiff has alleged and provided evidence to prove that Defendants' use of thirteen (13) registered Adobe® Trademarks was willful, an allegation that Defendant has failed to respond to.  Therefore, a statutory damage award for trademark infringement and dilution up to $2,000,000.00 against Defendants pursuant to 15 *U.S.C.* § 1117(c)(2) is warranted.  Plaintiff hereby requests a total of $2,000,000.00 in statutory damages for Defendants' trademark infringement.

## 2.   Statutory Damages for Copyright Infringement

Similarly, the Copyright Act provides that the statutory range for each copyright infringement is between $750.00 and $30,000.00 for all infringements involved in the action.  Specifically, Plaintiff is entitled to a default judgment against Defendants for the maximum statutory amount of no less than $30,000.00, as provided for under 17 U.S.C. § 504(c)(1).  In addition to seeking ordinary statutory damages, Plaintiff may seek a maximum statutory enhancement for willful infringement up to $150,000.00 pursuant to 17 U.S.C. § 504(c)(2).  17 U.S.C. § 504(c)(2) provides that: "[in] a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  Here, fourteen (14) of Plaintiff's protected works ADOBE ACROBAT X PROFESSIONAL© and ADOBE CREATIVE SUITE 5 MASTER COLLECTION© software, comprising of ADOBE AFTER EFFECT CS5©, CONTRIBUTE CS5©, DEVICE CENTRAL©, ADOBE DREAMWEAVER CS5©, ADOBE ENCORE CS5©, ADOBE FIREWORKS CS5©, ADOBE FLASH BUILDER 4©, ILLUSTRATOR CS5©, INDESIGN

CS5©, PHOTOSHOP CS5©, ADOBE PREMIERE PRO CS5©, and ADOBE SOUNDBOOTH CS5© are at issue. Chaney Decl. at ¶6, Ex. D, thereto.

Therefore, an enhanced statutory damage award for copyright infringement up to $150,000.00 for copyright infringed by Defendants pursuant to 17 *U.S.C.* § 504(c)(2) is warranted. Plaintiff hereby requests a total of $150,000.00 in statutory damages for Defendants' copyright infringement.

### D.  No Possibility of Dispute Concerning Material Facts

There is no information before the Court concerning a possible dispute of material facts because Defendants failed to file a responsive pleading to Plaintiff's Complaint.

### E.  Default Not Due to Excusable Neglect

Default in this matter was not due to excusable neglect. Plaintiff's Complaint was filed on August 13, 2014, and Defendants were personally served with a Summons and Complaint on September 4, 2014. Chaney Decl. at ¶9. Prior to the filing of the Complaint, Plaintiff sent a cease and desist letter to Defendants and spoke with Defendants in relation to this matter. Compl. at ¶¶22-23; Chaney Decl. at ¶8.

### F.  Policy Favoring Decisions on the Merits Does Not Outweigh Plaintiff's Right to Relief

Any policy in favor of deciding cases on the merits does not outweigh Plaintiff's rights to relief in this matter. Defendants had every opportunity to defend themselves in this action, or otherwise responded to Plaintiff's Complaint, despite notice thereof. Favoring this policy of deciding cases on the merits in the case before this Court would effectively condone and reward a defendant who refuses to appear in order to decide the case on the merits.

### V.    REMEDIES

Plaintiff is required to prove all damages sought in the Complaint. *Fed.R. Civ.P.* 54(c); *see also Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT

F.R.D. 494, 498 (C.D. Cal. 2003).  In determining damages, a court can rely on the declarations submitted by Plaintiff or order a full evidentiary hearing. Fed.R. Civ.P. 55(b)(2). Plaintiff's burden in "proving up" damages is relatively lenient. *See Philip Morris,* 219 F.R.D. at 498.

### A.   <u>Statutory Damages</u>

Plaintiff seeks a total statutory award of $2,150,000.00 against Defendants as compensation for Plaintiff's damages, as a punishment for Defendants' fraudulent conduct, and to deter future infringement by Defendants and other pirates, infringers and counterfeiters wanting to follow in Defendants' footsteps.

Under the Lanham Act, where a court finds that the use of a counterfeit mark was willful, statutory damages of "not more than $2,000,000 for counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just" are available. 15 U.S.C. §1117(c). While willful infringement requires "knowledge that the defendant's conduct constitutes trademark infringement," *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F. 2d 1332, n.3 (9th Cir. 1990), willfulness can be inferred from a defendant's failure to defend. *See Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 501 (C.D. 2003).  It should also be noted that "[c]ourts faced with determining statutory damages under the [Lanham] Act have analogized to the body of case law interpreting similar provisions in the Copyright Act." *See Philip Morris,* 219 F.R.D. at 501.  The Supreme Court has held that deterrence of future infringement is an important factor in determining damages under the Copyright Act, stating that: "A rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers.  It would fall short of an effective sanction for enforcement of copyright policy. The statutory rule, formulated after long experience not merely compels restitution of profit and reparation for injury, but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purpose. Even for

21

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within the statutory limits to sanction and vindicate the statutory policy." *Id.* (applying copyright statutory damages jurisprudence to the *Lanham Act* and *citing F.W. Woolsworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952)).

In determining whether the amount of statutory damages sought is reasonable, courts will look to see if the amount is calculated to serve the purposes of awarding statutory damages, including compensation for lost profits, punishment of willful infringing conduct, and the deterrence of infringing activity. *See Philip Morris,* 219 F.R.D. at 501-502.  However, a plaintiff may elect statutory damages for copyright infringement, and therefore, trademark infringement "regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits." *See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, F.3d 1186, 1194 (9th Cir. 2001).

Plaintiff's request of a total of $2,150,000.00 is reasonably calculated to accomplish the purposes of awarding statutory damages.  Plaintiff has set forth adequate evidence, in both the Complaint and by way of declaration to establish that Defendants distributed a significant quantity of computers, no less than 1,541 computers sold, to consumers and receiving no less than $521,194.33 from all known sales. Chaney Decl. at ¶15, Ex. I, thereto.  Defendants have failed to comply with the judicial process and have not in any way participated in the present litigation.  This allows for the inference that Defendants' conduct was, in fact, willful. *See Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 501 (C.D. 2003) (holding that defendant willfully infringed plaintiff's trademark based on plaintiff's allegations of willful infringement and defendant's "failure to comply with the judicial process or to participate in any way in the litigation"). Additionally, willfulness can be inferred from the declarations and

1    exhibits attached to this application for default judgment. *Fed.R. Civ.P.* 55(b)(2);

2    *see also Adobe System Inc. v. Brooks*, 3 2009 WL 593343 (N.D. 2009)

3    (Unpublished).

4         Plaintiff has alleged that Defendants have willfully infringed upon

5    Plaintiff's registered ACROBAT®, CONTRIBUTE®, CREATIVE SUITE®,

6    DREAMWEAVER®, ENCORE®, FIREWORKS®, FLASH®, FLASH

7    BUILDER®, FLASH CATALYST®, ILLUSTRATOR®, INDESIGN®,

8    LIGHTROOM®, and PHOTOSHOP® trademarks, and Plaintiff's copyright

9    protected ADOBE ACROBAT X PROFESSIONAL© and ADOBE ACROBAT

10   X PROFESSIONAL© and ADOBE CREATIVE SUITE 5 MASTER

11   COLLECTION© which is comprised of ADOBE AFTER EFFECT CS5©,

12   CONTRIBUTE CS5©, DEVICE CENTRAL©, ADOBE DREAMWEAVER

13   CS5©, ADOBE ENCORE CS5©, ADOBE FIREWORKS CS5©, ADOBE

14   FLASH BUILDER 4©, ILLUSTRATOR CS5©, INDESIGN CS5©,

15   PHOTOSHOP CS5©, ADOBE PREMIERE PRO CS5©, and ADOBE

16   SOUNDBOOTH CS5©. Chaney Decl. at ¶6.  Given the scope of infringement

17   there can really be no question as to Defendants' willful intent.  Accordingly,

18   $2,150,000.00 is reasonably calculated to accomplish the purposes of providing

19   statutory damages under the *Lanham Act* and the *Copyright Act*.

20        **B.    Attorneys' Fees**

21        Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to judgment against

22   Defendant for reasonable attorneys' fees incurred by Plaintiff in the prosecution of

23   this action, due to the "exceptional circumstances" surrounding Defendant's

24   willful violation of 15 U.S.C. §1125(c). *See Lindy Pen Co. v. Bic Pen Corp.*, 982

25   F. 2d 1400, 1409 (9th Cir. 1993) (stating that a case is "exceptional" when

26   infringement is "malicious, fraudulent, deliberate, or willful."); *see also Taylor*

27   *Made Golf Co., Inc., v. Carsten Sports Ltd.*, 175 F.R.D. 658 (holding that a case

28   may be deemed "exceptional," and merit an award of attorney's fees under the

23

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Lanham Act, when Defendant disregards the proceedings and does not appear). Pursuant to 15 U.S.C. §1117(b), Plaintiff is also entitled to judgment against Defendant for reasonable attorneys' fees due to Defendant's willful violation of 15 U.S.C. § 1114(1)(a) (as provided for under 15 U.S.C. §1117(e)).  Pursuant to Local Rule ("L.R.") 55-3, Plaintiff is entitled to $5,600 in attorneys' fees plus 2% over $100,000. Chaney Decl. at ¶20.

**C.    Costs**

Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recovery of total costs Plaintiff has incurred in this action due to Defendant's violation of 15 U.S.C. § 1125(a) and willful violation of 15 U.S.C. § 1125(c) in the amount of $617.42. Chaney Decl. at ¶19.

**D.    Injunctive Relief**

The *Lanham Act* gives the Court "[p]ower to grant injunctions according to the rules of equity and upon such terms as the court may deem reasonable, to prevent the violation" of a mark holder's rights. 15 *U.S.C.* §1116(a); *see also PepsiCo Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177-78 (C.D. Cal. 2002). Plaintiff seeks a permanent injunction against Defendants as set forth in the [Proposed] Judgment, including Permanent Injunction, filed concurrently herewith.

**VI.    CONCLUSION**

For the foregoing reasons and in the manner set forth above, the Court should grant Plaintiff's Motion for Default Judgment by Court against Defendants for damages totaling no less than $2,150,000.00 along with the requested attorneys' fees, costs, and injunctive relief.

DATED:  January 23, 2015          JOHNSON & PHAM, LLP

By: __/s/Marcus F. Chaney_____
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Johnson & Pham, LLP 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On January 23, 2015, I served the within document(s):

**PLAINTIFF ADOBE SYSTEMS INCORPORATED'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS JOHN FORTE AND YULIA FORTE A/K/A JULIE FORTE**

☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Woodland Hills, California addressed as set forth below.

JOHN FORTE
51 Central Avenue
Piscataway, NJ  08854

YULIA FORTE aka JULIE FORTE
51 Central Avenue
Piscataway, NJ  08854

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 23, 2015, at Woodland Hills, California.

Evelyn Ruano
_____
Evelyn Ruano