JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>                    Plaintiff,<br><br>       v.<br><br>JOHN FORTE, an Individual; YULIA FORTE, also known as JULIE FORTE, an Individual; and DOES 1-10, Inclusive,<br><br>                    Defendants. | CASE NO.  CV 14-6355-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JOHN FORTE AND YULIA FORTE A/K/A JULIA FORTE |

   Before the Court is Plaintiff's Motion for Default Judgment, which was filed on January 26, 2015.  Having been thoroughly briefed by both parties, this Court took the matter under submission on February 24, 2015.  Plaintiffs seek the entry of default judgment against Defendants John Forte and Yulia Forte, also known as Julia Forte.  Defendants were each personally served with the Summons and Complaint on September 4, 2014. Defendants did not appear in this action, did not respond to the complaint, and had a clerk's default entered against them on October 8, 2014.

   A court has the discretion to enter a default judgment against one who is not an

1  unrepresented infant or other incompetent person where the claim is for an amount that is not
2  certain on the face of the claim and where (a) the defendant has been served with the claim; (b) the
3  defendant's default has been entered for failure to appear; (c) if the defendant has appeared in the
4  action, the defendant has been served with written notice of the application at least three days
5  before the hearing on the application; (d) the court has undertaken any necessary or proper
6  investigation or hearing in order to enter judgment or carry it into effect; and (e) Plaintiff has filed
7  a written affidavit addressing the current military status of the defendant. Fed. R. Civ. P. 55(b)(2);
8  *Alan Neuman Productions v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988).

9       While the power to grant or deny relief upon an application for default judgment is within
10 the Court's sound discretion, a plaintiff is required to state a claim upon which he may recover in
11 order to grant the motion for a default judgment. *Sony Music Entertainment v. Elias*, 2004 WL
12 141959 (C.D. Cal. Jan. 20, 2004); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175
13 (C.D. Cal. 2002). Upon default, the well-pleaded allegations of the complaint relating to liability
14 are taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  On
15 the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit
16 conclusions of law. *Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072 (C.D. Cal. 2012).

17      Plaintiffs have complied with the procedural requirements of Federal Rule of Civil
18 Procedure 55 and Local Rule 55-1.  This Court has considered the factors enumerated in *Eitel v.*
19 *McCool*, 782 F.2d 1470 (9th Cir. 1986) and concludes that these factors weigh in favor of granting
20 the default judgment.  The first of those factors is the sufficiency of the complaint.  Plaintiff has
21 alleged the following six causes of action: (1) Federal Trademark Infringement; (2) False
22 Designation of Origin/ False or Misleading Advertising/ Unfair Competition; (3) Trademark
23 Dilution; (4) Federal Copyright Infringement; (5) Unfair Business Practices; and (6) Unfair
24 Competition.

25      This Court has reviewed the causes of action alleged in the Complaint, and concludes that
26 Plaintiff has adequately alleged each of its causes of action with the exception of its third claim for
27 trademark dilution. In order to prove federal trademark dilution, a plaintiff must show that (1) the
28 mark at issue is famous; (2) the defendant is making a commercial use of the mark in commerce;

1  (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the
2  mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and
3  distinguish goods and services. *Panavision, Int'l v. Torppen*, 141 F.3d 1316, 1324 (9th Cir. 1998).
4        A mark is famous if it is "widely recognized by the general consuming public of the
5  United States as a designation of source of the goods or services of the mark's owner." *Parts.com,*
6  *LLC v. Yahoo! Inc.*, 996 F. Supp. 2d 933, 940 (S.D. Cal. 2013); 15 U.S.C. § 1125(c). In
7  determining whether a mark is famous, a court may consider all relevant factors, including: (1) the
8  duration, extent, and geographic reach of advertising and publicity of the mark; (2) the amount,
9  volume, and geographic extent of sales of goods or services offered under the mark; (3) the extent
10 of actual recognition of the mark; and (4) whether the mark is registered. 15 U.S.C. § 1125(c).
11 "Because protection from dilution comes close to being a right in gross, it is a cause of action
12 reserved for a select class of marks — those marks with such powerful consumer associations that
13 even non-competing uses can impinge on their value." *Nissan Motor Co. v. Nissan Computer*
14 *Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004). For this reason, the Federal Trademark Dilution Act
15 ("FTDA") extends dilution protection only to those whose mark is a household name. *Id.*
16       Here, Plaintiff has failed to sufficiently plead that its mark is famous as required by the
17 FTDA. Plaintiff alleges in its Complaint mere recitals of the elements of the cause of action
18 unsupported by any facts. Specifically, Plaintiff alleges, "Adobe's Trademarks are distinctive and
19 famous within the meaning of the Lanham Act." Compl. at ¶ 54. Plaintiff further alleges,
20 "Defendants' unlawful actions began long after Adobe's Trademarks became famous…" Compl.
21 at ¶ 55. Given the rigorous standard of showing fame, this Court finds that Plaintiff has failed to
22 plead sufficient facts establishing that its mark is famous within the meaning of the Lanham Act.
23 Accordingly, the allegations in Plaintiff's first, second, fourth, fifth, and sixth causes of action will
24 be taken as true, however, Plaintiff has failed to state a claim for Trademark Dilution.
25       The second *Eitel* factor considers the amount of money at stake in relation to the
26 seriousness of a defendant's conduct. *Wecosign, Inc.*, 845 F. Supp. 2d at 1082. Default judgment
27 is disfavored when a large amount of money is involved and is unreasonable in light of the
28 potential loss caused by the defendant's actions. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998,

1012 (C.D. Cal. 2014).   Plaintiff requests statutory damages of $2,150,000 for infringing on Plaintiffs' intellectual property rights, attorneys' fees of $5,600, costs in the amount of $617.42, and injunctive relief.

The Trademark Act provides that in a case involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods and services, or any willful violation under section 43(c) of the Lanham Act, the plaintiff may elect to recover statutory damages in the amount of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.  15 U.S.C. § 1117(c)(1). Furthermore, if the court finds that the use of the counterfeit marks was willful, the plaintiff may be granted an award of statutory damages of not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.  15 U.S.C. § 1117(c)(2).

Similarly, the Copyright Act provides that the statutory range for each copyright infringement is between $750 and $30,000 for all infringements involved in the action.  17 U.S.C. § 504(c)(1).  A plaintiff may seek a maximum statutory enhancement for willful infringement up to $150,000 pursuant to Title 17 U.S.C. § 504(c)(2).

Here, Plaintiff has alleged that Defendants engaged in intentional acts of infringement of thirteen registered Trademarks, and fourteen registered copyrights.  Where a defendant has engaged in willful infringement and has refused to respond to the allegations brought against it, damages of the magnitude requested here have been deemed appropriate.  *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010).  Given Defendants' infringing conduct, the likelihood that this conduct would cause confusion or otherwise deceive customers, and Defendants' failure to comply with the judicial process or to participate in any way in the present litigation, the imposition of a substantial monetary award is warranted. Accordingly, this factor weighs in favor of entry of default judgment.

The third factor considers the possibility of prejudice to the plaintiff. Defendants have failed to appear and defend this action.  Absent entry of default judgment, Plaintiff will be without recourse against Defendants, and risk continuing infringement of Plaintiff's rights.  Therefore, this factor weighs in favor of the entry of default judgment.

4

The fourth factor considers the possibility of a dispute concerning material facts.  Here, Plaintiff has adequately pled five of the six causes of action in its Complaint.  After sending Defendants a cease and desist letter putting them on notice of their infringing conduct, Defendants have failed to comply, failed to appear in this matter, and have therefore admitted all well-pleaded material facts alleged in Plaintiff's pleading.  Since Plaintiff's factual allegations are presumed true and Defendants have failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment.  This factor, therefore, favors the entry of default judgment against Defendants.

The fifth factor is whether the default was due to excusable neglect.  This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit.  *Wecosign, Inc.,* 845 F. Supp. 2d at 1082.  Here, there is no indication that Defendants allowed the default to be taken as the result of excusable neglect. The record indicates that Defendants had adequate notice of this matter — Defendants were properly served with the summons and complaint, the application for clerk to enter default, and the instant motion for default judgment.  The Court finds it reasonable to infer that Defendants' default was not the product of excusable neglect. Accordingly, this factor weighs in favor of the entry of default judgment.

The final factor considers the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Although cases should be decided upon their merits whenever reasonably possible, Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend.  *Wecosign, Inc*., 845 F. Supp. 2d at 1083.  Notwithstanding the strong policy presumption in favor of a decision on the merits, Defendants' failure to answer Plaintiff's Complaint makes a decision on the merits impractical.  Since Defendants failed to appear and defend, this factor weights in favor of the entry of default judgment.

Having met the *Eitel* factors, Plaintiff is entitled to damages. Plaintiff has the burden of proving damages through testimony or written declaration or affidavit. Fed. R. Civ. P. 55(b)(2); *Lotenero v. Cripps*, 2012 U.S. Dist. LEXIS 19750 (E.D. Cal. Feb. 15, 2012).   Rule 54(c) limits

1  the relief that can be sought in a motion for entry of default judgment to that identified in the
2  complaint. FED. R. CIV. P. 54(c), *Vogel*, 992 F. Supp. 2d at 1013. Plaintiff has submitted the
3  Declaration of Marcus F. Chaney, an attorney for Plaintiff Adobe Systems Inc., who can attest to
4  the amounts owed by Defendants. Plaintiffs seek statutory damages, attorneys' fees and costs, and
5  injunctive relief.

6  First, Plaintiff seeks $2,150,000 in statutory damages under the Trademark Act and
7  Copyright Act for the Defendants' infringing conduct. As stated above, the Trademark Act and
8  Copyright Act provide for statutory damages in connection with cases such as this one. Plaintiff
9  has alleged that Defendants engaged in intentional acts of infringement of thirteen registered
10 Trademarks, including, ACROBAT, CONTRIBUTE, CREATIVE SUITE, DREAMWEAVER,
11 ENCORE, FIREWORKS, FLASH, FLASH BUILDER, FLASH CATALYST, ILLUSTRATOR,
12 INDESIGN, LIGHTROOM, AND PHOTOSHOP. Plaintiff further alleges infringement of
13 fourteen of Plaintiff's copyrighted works, including, ADOBE ACROBAT X PROFESSIONAL,
14 AND ADOBE CREATIVE SUITE 5 MASTER COLLECTION, which is comprised of ADOBE
15 AFTER EFFECT CS5, CONTRIBUTE CS5, DEVICE CENTRAL, ADOBE DREAMWEAVER
16 CS5, ADOBE ENCORE CS5, ADOBE FIREWORKS CS5, ADOBE FLASH BUILDER 4,
17 ILLUSTRATOR CS5, INDESIGN CS5, PHOTOSHOP CS5, ADOBE PREMIERE PRO CS5,
18 AND ADOBE SOUNDBOOTH CS5.

19 After Plaintiff discovered that Defendants had been selling computers loaded with
20 counterfeit software programs owned by Plaintiff, Plaintiff sent a cease and desist letter to
21 Defendants on June 19, 2013, putting them on notice of their infringing conduct. Chaney Decl. ¶
22 7. On June 25, 2013, Defendant John Forte contacted Plaintiff's attorney and acknowledged that
23 he sold computers loaded with ADOBE software on eBay. Id. at 8.

24 Plaintiff then issued 45 Subpoenas to Produce Documents, Information, or Objects to
25 eBay, Inc. and PayPal, Inc. in order to obtain Defendants' registration information and sales
26 records related to computers loaded with counterfeit ADOBE-branded software. Id. at 12.
27 Plaintiff received documentation from eBay confirming that as of October 17, 2014, Defendants
28 were still advertising, offering for sale, selling and distributing computers to consumers through

1  eBay. Id. at 13-14. Plaintiff also received documentation from PayPal as evidence that
2  Defendants sold approximately 1,541 computers from August 13, 2010 through December 2,
3  2014, resulting in total gross sales of approximately $521,194.33. Id. at 15.

4  Defendants' conscious disregard of Plaintiff's cease and desist letter, and continued act of
5  selling computers loaded with counterfeit software, allows for the inference that Defendants'
6  conduct was willful. Given the scope of the infringement, and Defendants' failure to participate in
7  this suit, an award of $2,150,000 is warranted here. Accordingly, the Court awards $2,150,000 in
8  statutory damages.

9  Plaintiff further requests $5,600 in attorneys' fees, plus 2% of the judgment amount over
10 $100,000. Under Local Rule 55-3, when an applicable statute provides for the recovery of
11 reasonable attorneys' fees, fees are to be calculated pursuant to the schedule set forth in the rule.
12 For a judgment over $100,000, the court is to award attorneys' fees of $5,600 plus 2% of the
13 amount over $100,000, exclusive of costs. *See*, Local Rule 55-3; *Vogel*, 992 F. Supp. 2d at 1016
14 (applying Rule 55-3 schedule to award fees in a default judgment context). Based on the entry of
15 a $2,150,000 judgment under the Trademark Act and Copyright Act, an award of $46,600 in fees
16 under Rule 55-3 is appropriate. Accordingly, this Court awards $46,600 in attorneys' fees.

17 Moreover, Plaintiff seeks $617.42 in costs. These fees are reasonable, and the Court will
18 award them.

19 Plaintiff also seeks injunctive relief restraining Defendants from infringing, in any manner,
20 the trademarked and copyrighted software licensed by Plaintiff, pursuant to Title 15 U.S.C. §
21 1116, and Title 17 U.S.C. § 502. A plaintiff is not required to satisfy the other prerequisites
22 generally needed for injunctive relief since the standard requirements for equitable relief need not
23 be satisfied when an injunction is sought to prevent the violation of a federal statute, which
24 specifically provides for injunctive relief. *Vogel*, 992 F. Supp. 2d at 1015 (quoting *Antoninetti v.*
25 *Chipotle Mexican Grill, Inc*., 643 F.3d 1165 (9th Cir. 2010). Pursuant to Title 15 § 1116, a court
26 shall have power to grant injunctions to prevent the violation of any right of the registrant of a
27 mark registered in the Patent and Trademark Office. Furthermore, pursuant to Title 17 U.S.C. §
28 502, a court may grant temporary and final injunctions on such terms as it may deem reasonable to

1 prevent or restrain infringement of a copyright.

2     Here, Plaintiff contacted Defendants, advising them that they were infringing Plaintiff's
3 trademarks and copyrights.  Despite these warnings, Defendants continued their infringement.
4 Under these circumstances, there is the threat of continuing violation, and unless restrained from
5 doing so, Defendants will continue to infringe Plaintiff's rights.  Accordingly, Defendants should
6 be enjoined from infringing, in any matter, the trademarked and copyrighted property licensed by
7 Plaintiff.

8     **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is GRANTED.
9 (Dkt. No. 20)

10 Dated: March 3, 2015.

                                            MANUEL L. REAL
                                  UNITED STATES DISTRICT JUDGE